IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA       )
                               )
v.                             )   CASE NO.:  2:16cr573-RAH
                               )
RICHARD WILLIAMSON GRIFFIN, JR.  )

## **ORDER**

This Court previously set a hearing on the petition of the United States Probation Service to revoke the term of supervision of Defendant Richard Williamson Griffin, Jr.  (*See* Doc. 82.)  On October 5, 2023, the Defendant filed an Unopposed Motion to Expedite Revocation Hearing. (Doc. 84.)  On October 6, 2023, he submitted a Notice of Waiver of Final Supervised Release Revocation Hearing, wherein he expressly waived the right to have a supervised release revocation report prepared by Probation and to a final hearing. (Doc. 86.)

In the Unopposed Motion (Doc. 84), the parties and Probation agree that the violation alleged in the June 8, 2023 Petition for Revocation of Supervised Release, (Doc. 67), is a Grade C violation and that the applicable criminal history category is VI, (Doc. 38). The applicable guideline range is therefore 8–14 months. U.S. Sentencing Guidelines Manual § 7B1.4(a).

They further agree that the nature and circumstances of the violation and the history and characteristics of Defendant Griffin warrant a sentence of 8 months of incarceration with no supervised release to follow.  For the following reasons, the Court will accept the parties' agreement, grant the revocation petition (Doc. 67), revoke Defendant Griffin's term of supervision, and sentence him to 8 months of incarceration, with no additional term of supervised release.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release."  Under the Rule, Defendant Griffin is entitled to "(A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation." Fed. R. Crim. P. 32.1(b)(2).  The rule also provides that revocation hearings can be waived by a defendant: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction."  Fed. R. Crim. P. 32.1(b)(2) (emphasis added). *See also United States v. Jones*, 798 F. App'x 494, 496-97 (11th Cir. 2020) (explaining that "[t]he Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their

right to a hearing" based on the federal rule).  Given this rule, the Court is satisfied that Defendant Griffin's waiver is sufficient for this Court to proceed without a revocation hearing.

Accordingly, it is

ORDERED as follows:

1. To the extent the Defendant requests the cancellation of the revocation hearing, the Unopposed Motion to Expedite Revocation Hearing, (Doc. 84), is GRANTED;

2. The final hearing set for November 8, 2023, is CANCELLED;

3. The Court accepts the parties' agreement as set forth in the Unopposed Motion, (Doc. 84), and Defendant Griffin's waiver of his right to a revocation hearing, (Doc. 86);

4. The Court finds that Defendant Griffin violated a special condition of the terms of supervised release, specifically that he should reside in a federal halfway house designated by Probation for 12 months;

5. The Petition to Revoke Supervised Release (Doc. 67) is GRANTED as to violation number one;

6. The Court finds that this violation is a Grade C violation in the U.S. Sentencing Guidelines, that Defendant Griffin's criminal history

category is VI, and that the guideline range for imprisonment is 8 to 14 months;

7.  Having considered and consulted the Sentencing Guidelines, the 18 U.S.C. § 3553(a) factors, and the parties' agreement, **it is the judgment of the Court that Defendant Griffin is committed to the custody of the Federal Bureau of Prisons to be imprisoned for 8 months.  Upon release from imprisonment, there will be no term of supervised release.**

8.  The Court understands that Defendant Griffin is already in the custody of the U.S. Marshal Service.

DONE, on this the 6th day of October 2023.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE